## SECOND MANHATTAN BUILDING ASSOCIATION v. HAYES.

### December, 1865.

Under the building association act (*L.* 1851, p. 234. c. 122, § 3), it is not necessary that the copy of the articles to be filed should be signed by the trustees, for they are not *officers*, within the meaning of the statute.

The plaintiffs brought this action against Dennis Hayes and wife, to foreclose a mortgage executed by Patrick J. O'Brien and his wife, to the plaintiffs, by their alleged corporate name; and the defendants were the grantees of the mortgaged premises.

The plaintiffs claimed to have been incorporated pursuant to *L.* 1851, c. 122, entitled "An act for the incorporation of building, mutual loan and accumulating fund associations." By that act any number of persons, not less than nine, may associate and form a company for the purposes mentioned. § 1. These persons must subscribe articles of association, which are to set forth a great number of particulars, including the corporate name, and "what *officers, trustees* and attorney there shall be." § 2. And a true copy of such articles, signed by *the officers* of the association, together with a statement showing when the association was organized, and the place of the transaction of its business, and the names of the *officers and trustees* at the time of making such statement, which is to be verified by oath or affirmation, must be filed with the clerk of the proper court, and thereupon the association is to become a body corporate, &c. § 3.

The plaintiffs produced from the county clerk's office, papers purporting to be a copy of the articles of association, and a

statement setting forth the several matters referred to in section 3, and verified by the oath of J. N. Genin, the president. The copy of articles purported to be signed by several individuals, embracing the names of all the persons named in the statement as officers and trustees, except the name of Andrew B. Beers, one of the trustees, and no question as to the genuineness of the signatures was made. In the statement given in evidence, the time when the association was organized was said to be September ———, A. D. 1851, a blank for the day being left apparently by mistake.

The referee, on the ground of the omission of the name of Mr. Beers, among the signatures to the copy of articles, gave judgment for defendants.

*The supreme court,* at general term, on appeal, reversed the judgment, holding that the trustees, although styled officers in the articles of association, were by the provisions of the act of 1851, treated as distinct from the officers; and that the defendant's objections were not competent in this action, because it was conceded that the plaintiffs, since the filing of the statement, had acted as a corporation, and in the course of their business took the mortgage, and it also appeared by the mortgage itself that the corporate existence of the plaintiffs was expressly recognized, and the mortgagor therein declared himself to be a corporator, and that he had signed the articles of incorporation. That the deed also under which the defendants claimed conveyed the premises subject to the mortgage, which was declared to be a part of the consideration money mentioned in the deed. That these acts were sufficient to constitute the plaintiffs a corporation *de facto,* since all that was required for that purpose was a special act of incorporation, or a general law, authorizing the incorporation of the plaintiffs with the power exercised by them, and a user of the rights conferred by law. United States Bank *v.* Stearns, 15 *Wend.* 314.

The defendants appealed.

*D. T. Walden,* for defendants, appellants.

*G. T. Jenks,* for plaintiff, respondent.

DENIO, Ch. J. [After stating facts.]—If the copy of articles were required to be signed by the trustees; in other words, if the trustees are embraced within the term " officers," as used in section 3, the omission of one of them to sign would be a defect which might defeat the title of the association to be regarded as a corporation. It is no doubt true that to create a corporate body under these general laws, the formal requirements of the statute must be substantially followed. But it seems very clear to me that the trustees were not required to sign. When we speak of the officers of a corporation, the term is understood to define those who are intrusted with the executive powers of the corporate body; and if it is intended to embrace the board of directors, trustees or managers, they are expressly named. By officers we mean the president, vice-president, cashier or secretary, and any others who are intrusted with a part of the executive authority. The trustees are no doubt in one sense officers, and when that term is used in some connections, it would embrace all who participate in the exercise of the corporate functions, including the legislative board. The members of the legislature of the State are in that general sense officers of the State though they clearly do not come within the designation of State officers. The language of the act we are construing, recognizes in a very pointed manner the distinction I am endeavoring to point out. The articles are, by section 2, to state what officers, trustees and attorney there shall be; and section 3 discriminates still more distinctly. The copy articles are to be signed by *the officers* of the association, and the sworn statement is to set forth the names of the officers *and trustees*, thus showing very plainly that the latter class of corporate authorities were not understood by the legislature to be embraced in the term officers. I conclude therefore that there was no defect in these proceedings of the kind suggested, and that the referee fell into an error in that respect.

We have not thought it necessary to inquire into the effect of the recognition of the corporation, by the mortgagees, by executing the bond and mortgage to the association in its corporate name, or by the defendant taking a convey-

ance of the mortgaged premises, subject in terms to this mortgage.

The question as to the effect of leaving a blank in the statement of the day on which the corporation was organized is not before us, as the statement is not set forth in the referee's conclusions of fact, nor is there any reference to it. The paper merely states that Mr. Beers, a trustee, did not sign the articles, and upon that single circumstance he founds the legal conclusion that no corporation was created. As that was an erroneous determination, the judgment was rightly reversed by the general term. If there was to be a new trial it would be material to pass upon the other alleged defect; but by the stipulation there is to be judgment absolute for the plaintiff if the order is, as it must be, affirmed.

CAMPBELL, J. [After stating facts and reciting the statute.]—In this case the copy of articles filed was signed by the president, vice-president, secretary, surveyor and attorney, and counselor, and also by all the trustees except one. The statement verified by the oath of the president set forth the names of the president, vice-president, secretary, surveyor and attorney and counsellor, and also the names of all the trustees, including the name of the trustee who had not signed the copy of the articles filed. Does the law require that the copy of the articles filed shall be signed by the trustees of the association? I think clearly not. The word officers, when used in connection with corporations, has a well known and defined meaning. It includes presidents and secretaries, and in some cases perhaps actuaries and surveyors; such persons as have the immediate and direct care and management of the property and business of the corporation. Directors and trustees may be said to hold office in the corporation in a general sense, and may control and direct presidents and secretaries in the management of the business of the corporation. But in the transaction of such business with the public, the corporation generally speaks through its president and secretary. They are emphatically its officers.

It is very clear that this general building act contemplated such distinction. The very section which declares that the copy

Second Manhattan Building Assoc. *v.* Hayes.

of articles to be filed must be signed by the officers, also declares that the statement which must accompany such articles, and must also be verified, must contain, in addition to the names of the officers, the names of the trustees of the association. But the law requires that the statement thus verified shall show when the association was organized. This statement shows that the association was organized in the month of September, 1851, but does not mention the day of the month, but as it was sworn to on September 20, the organization must have been made on that day, or on some day prior in that month. No question between the parties arises as to the date, as the mortgage in suit was not given until the following year. The only question is, whether the statement is in compliance with the statute, which requires the time when organized to be shown. In this case the time " when " is shown to have been in the month of September, 1851. There is nothing in the statute, and nothing in the general policy of provisions of the law, which would in any way seem to indicate that more precision was required  In this case it is very evident the day of the month was inadvertently omitted, as there is a blank in the statement for the filling in of the day. But it seems to me this omission is of no moment, and that the time when the organization was made is shown with sufficient precision.

The defendants took a conveyance of the property covered by this mortgage, expressly subject thereto, and which conveyance declared that the amount due on such mortgage formed a part of the consideration or purchase price of the property. There are no merits in the defense.

The order of the supreme court should be affirmed.

All the judges concurred.

Order affirmed with costs, and judgment absolute for plaintiffs; judgment for foreclosure and sale, to be entered below.